UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-1446(DSD/SRN)


Professional Flight Attendants
Association,

             Plaintiff,

v.                                                    **ORDER**

Northwest Airlines Corporation,
also known as Northwest
Airlines, Inc.,

             Defendant.


    Nicholas P. Granath, Esq. and Seham, Seham, Meltz &
    Peterson, 3050 Metro Drive, Suite 216, Minneapolis, MN
    55425, counsel for plaintiff.

    Timothy R. Thornton, Esq. and Briggs & Morgan, 80 South
    Eighth Street, Suite 2200, Minneapolis, MN 55402, counsel
    for defendant.



    This matter came on for hearing on July 29, 2005, upon

plaintiff's motion for a temporary restraining order and

defendant's motion to dismiss.[1]  Both parties appeared through

counsel.  Based upon a review of the file, record and proceedings

herein, and the arguments of counsel at the hearing, plaintiff's

motion is denied and defendant's motion is granted.

---

    [1]  The parties did not fully address defendant's motion to
dismiss at the hearing, but rather submitted additional briefing on
August 4, 2005.

**BACKGROUND**

Plaintiff Professional Flight Attendants Association ("PFAA") represents flight attendants employed by defendant Northwest Airlines Corporation ("Northwest").  The relationship between the represented employees of Northwest and their employer are under stress.  The parties to this dispute are currently locked in contract negotiations mediated by the National Mediation Board ("NMB").  The Aircraft Mechanic's Fraternal Association ("AMFA") and Northwest, after being released by the NMB, have entered the 30-day cooling off period, which expires August 19, 2005.  The mechanics at Northwest have voted to authorize a strike.  Recently, Northwest began training flight attendant candidates in the event that members of PFAA strike or refuse to cross any AMFA picket lines.

On July 19, 2005, PFAA filed this action, alleging a violation of the Railway Labor Act ("RLA") duty to maintain the status quo during bargaining and mediation procedures.  PFAA challenges Northwest's actions based upon specific language in the collective bargaining agreement ("CBA") between the parties concerning Initial Operating Experience ("IOE") flights, the issuance of uniforms and access by PFAA members to training classes.  However, the main thrust of PFAA's argument focuses on the hiring status of current trainees.  PFAA alleges that previous flight attendant trainees had the expectation that they would be employed upon successful

completion of training ("employment expectation").  PFAA contends that Northwest's current trainees do not enjoy such an employment expectation.  Therefore, PFAA argues that Northwest is violating status quo requirements by deviating from past practices.

PFAA seeks a temporary restraining order ("TRO") to enjoin Northwest from, among other things, training candidates before the expiration of any cooling off period between the parties, unless (1) the trainees are not intended to replace PFAA members in the event of a strike and (2) Northwest has employed or promised to employ the trainees.  Northwest moves for dismissal.

## DISCUSSION

### I.   Motion to Dismiss

Northwest argues that PFAA's action should be dismissed because it raises a "minor dispute."  If the dispute is minor, then the court lacks subject matter jurisdiction because the dispute is subject to other procedures including arbitration.  See 45 U.S.C. § 184; Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R., 270 F.3d 637, 639 (8th Cir. 2001).  For this reason, the court will first address Northwest's argument and determine whether subject matter jurisdiction exists to address PFAA's motion for TRO.

The RLA categorizes airline labor disputes as "major" or "minor."  Major disputes involve rates of pay, rules or working

conditions that "relate to 'the formation of collective [bargaining] agreements or efforts to secure them.'" <u>Hawaiian Airlines, Inc. v. Norris</u>, 512 U.S. 246, 252 (1994) (quoting <u>Consol. Rail Corp. v. Ry. Labor Executives' Ass'n</u>, 491 U.S. 299, 302 (1989) ("<u>Conrail</u>")).  In other words, major disputes involve the creation of new contractual rights. <u>Bhd. of Maint.</u>, 270 F.3d at 638 (citing <u>Conrail</u>, 491 U.S. at 303).

By contrast, minor disputes involve the interpretation or application of an existing agreement that covers rates of pay, rules or working conditions. <u>Hawaiian Airlines</u>, 512 U.S. at 252-53 (citing 45 U.S.C. § 151a).  An "existing agreement" includes the written CBA and the parties' past practices. <u>United Transp. Union v. Kansas City S. Ry. Co.</u>, 172 F.3d 582, 586 (8th Cir. 1999); <u>see also</u> <u>Bhd. of Maint.</u>, 270 F.3d at 639 (carrier's past practice that relates to interpretation of contested CBA provision does not convert minor dispute into major dispute).  If the airline asserts an "arguably justified" contractual right to take the contested action, the dispute is minor. <u>Conrail</u>, 491 U.S. at 307. Furthermore, "there is a presumption that disputes are minor and thus arbitrable." <u>Jenisio v. Ozark Airlines, Inc. Ret. Plan & Clerical Employees</u>, 187 F.3d 970, 973 (8th Cir. 1999).

Northwest argues that the dispute between the parties is minor because it involves interpretation of contract language and past practices.  Northwest points to its consistent past practice of

training candidates before extending any offer of employment. PFAA does not dispute the existence of such a past practice, but rather argues that Northwest has deviated from it because successful completion of training does not now involve the same expectation of being hired. However, whether such an employment expectation deviates from past practices is a question of interpretation or application of past training procedures. Moreover, PFAA has failed to produce any evidence that Northwest affirmatively created an expectation of employment in past training or otherwise promised that candidates would be employed upon successful completion of training.

Therefore, Northwest is arguably justified by past practices to train candidates before extending, intending to extend or promising to extend an offer of employment. At best, PFAA has also raised an arguable justification for its position, but that does not create a major dispute. See Bhd. of Maint., 270 F.3d at 639. The court finds that the dispute over training candidates without the usual employment expectation is grounded in existing contractual rights and is therefore minor.

PFAA's remaining arguments concern the issuance of uniforms to flight attendants and the access of PFAA to training classes. However, these matters do not involve major disputes. First, PFAA has not shown that Northwest has issued uniforms to trainees in violation of the CBA. Rather, Northwest has cited undisputed past

practices that it now follows when issuing uniforms.   Therefore, the court does not see any present dispute, minor or major, that relates to issuing uniforms.

Second, PFAA argues that Northwest is violating the CBA by denying PFAA members access to training classes.   The CBA requires that PFAA "have access to Flight Attendant Trainee classes for a one hour (1:00) presentation at a time mutually agreeable" to PFAA and Northwest.   (Compl. ¶ 41.)   Northwest has stated that it will allow PFAA access to the training classes at an appropriate time and under appropriate circumstances, as the contract allows.   For example, it alleges that an appropriate time may be after the trainees are hired.   (See also Northwest's Mem. Opp'n Mot. TRO at 16.)   PFAA responds that access must be granted before trainees are hired, but the CBA does not mention hiring status in that provision.   Furthermore, the language "mutually agreeable" may support or justify Northwest's position.   For these reasons, Northwest's position is arguably justified by the CBA.   The dispute raises questions of interpretation and is therefore minor.

Because the disputes raised by PFAA are minor, the court lacks subject matter jurisdiction to address the merits.[2]  The case must be dismissed.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for a temporary restraining order [Docket No. 6] is denied.

2.   Defendant's motion to dismiss [Docket No. 14] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 5, 2005

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court

---

[2]   PFAA requests in the alternative that the court order expedited arbitration.  However, the court has no power to issue such an order without jurisdiction over the matter.  See Air Line Employees Ass'n, Int'l v. Republic Airlines, Inc., 798 F.2d 967, 968 (7th Cir. 1986) (court correctly declined to order expedited arbitration and other relief without jurisdiction over RLA claims).  The authority cited by PFAA in support of its request is distinguishable because jurisdiction existed in those cases.  See, e.g., Bhd. Ry. Carmen Div., Transp. Communications Int'l Union v. Green Bay & W. R.R. Co., 801 F. Supp. 231, 238 (E.D. Wis. 1992) ("[T]he Court finds that jurisdiction exists for it to hear this dispute.").